UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR MENDOZA, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0317 |
| | § | |
| HOHOHO EXPRESS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

MEMORANDUM OPINION & ORDER

Pending before the court is a motion for summary judgment filed by defendants HOHOHO Express, Inc. ("HoHoHo") and Eric Ho ("Ho") (collectively, the "defendants"). Dkt. 11. Plaintiffs Edgar Mendoza, Angel Ramirez, Clayton Holmes, and Jorge Navarro (collectively, the "plaintiffs") have not responded to the motion, and it will therefore be treated as unopposed.[1] After consideration of the motion, the record, and the applicable law, defendants' motion is **GRANTED**.

I. LAW & ANALYSIS

Defendants move for summary judgment on plaintiffs' overtime pay claims arising under the Fair Labor Standards Act of 1938, as amended ("FLSA"). Dkt. 3 (first amended complaint). Specifically, defendants assert that they are entitled to summary judgment based on the affirmative defense of the FLSA's Motor Carrier Act exemption under 29 U.S.C. § 213(b)(1). Dkt. 11 at 1–2.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The movant bears the

---

[1] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

initial burden of informing the court of evidence, if any, that demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the movant has discharged its initial burden does the burden shift to the nonmovant to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

The court draws all inferences in favor of the nonmovant. *Id.* at 255; *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). When the movant bears the burden of proof at trial as to an affirmative defense, "'he must establish beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor.'" *Chaplin*, 307 F.3d at 372 (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1996)). When the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show that there is a genuine dispute for trial, summary judgment is appropriate. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.1992). Factual controversies are to be resolved in favor of the nonmovant, "'but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1048 (5th Cir.1996) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). The court will not, "in the absence of any proof, assume that the [nonmovant] could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995).

2

The plaintiffs allege that they are non-exempt truck drivers who were owed, but not paid, overtime wages by their employer-defendants.  Dkt. 1 at 2 ¶ 5.  The defendants answered plaintiffs' complaint and asserted multiple affirmative defenses, including the defense that the plaintiffs "are exempt from the provisions of the FLSA pursuant to 29 U.S.C. § 213(b)(1) and the Motor Carrier[] Act exemption."  Dkt. 7 (answer) at 3 ¶ 23.  After the close of discovery, defendants filed a motion for summary judgment, asserting that they meet the motor carrier defense as a matter of law.  Dkt. 11.  Plaintiffs did not file a response, and the motion is ripe for disposition.

The Motor Carrier Act exemption provides a covered employer relief from the overtime pay requirement to any "employee [over] whom the Secretary of Transportation has power to establish qualifications and maximum hours of service . . . ."  29 U.S.C. § 213(b)(1); *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 471–72 (5th Cir. 2010).  In order for the Secretary of Transportation to have this power, the employee must have been: (1) employed by a carrier or carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under Section 204 of the Motor Carrier Act; and (2) engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act.  29 C.F.R. § 782.2(a); *Songer*, 618 F.3d at 472.

The first element that must be established is whether plaintiffs "[a]re employed by carriers whose transportation of property by motor vehicle is subject to" the Secretary's jurisdiction.  29 C.F.R. § 782.2(a).  Defendants can meet this definition if they show that (1) they are motor carriers and (2) engaged in interstate commerce.  *Songer*, 618 F.3d at 472.  Motor carriers are defined as persons "providing motor vehicle transportation for compensation."  49 U.S.C. § 13102(14).  And

engaging in interstate commerce can be met by a showing of either the actual transport of goods across state lines *or* the intrastate transport of goods in the flow of interstate commerce. *Songer*, 618 F.3d at 472; *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 528 F.2d 1042, 1044 (5th Cir. 1976).

Here, HoHoHo has established that it is a motor carrier subject to the Secretary's jurisdiction. HoHoHo provides transportation in refrigerated trailers of perishable goods in exchange for compensation, thereby meeting the statutory definition of a motor carrier. 49 U.S.C. § 13102(14); Dkt. 11, Ex. 2 (affidavit of Ling Yu) at 1 ¶¶ 5–6. HoHoHo also solicits and accepts business from vendors in California, Arizona, Oregon, Washington, Florida, and Colorado, for delivery of grocery items to stores in the Houston area. Dkt. 11, Ex. 2 at 1 ¶ 6. As HoHoHo is transporting goods across state lines, it is engaged in interstate commerce as defined by the Secretary of Labor. *Songer*, 618 F.3d at 472; 29 C.F.R. § 782.2(a). HoHoHo has established the first element of the Motor Carrier Act exemption as a matter of law.[2]

Second, the defendants must demonstrate that the employees were engaged in activities directly affecting the safe operation of motor vehicles on public highways of passengers or property in interstate commerce. 29 C.F.R. § 782.2(a). As truck drivers subject to Department of

---

[2] The court notes that the defendants' proof also demonstrates that Eric Ho, individually, is subject to regulation by the Secretary of Transportation. In *Songer*, the Fifth Circuit extended the exemption to a staff leasing company that provided employees for a motor carrier and operated as a joint employer with the carrier. *Songer*, 618 F.3d at 472–73; *see also Moore v. Universal Coordinators, Inc.*, 423 F.2d 96, 99–100 (3d Cir. 1970) (holding that truck drivers were employees of both non-carrier truck driver leasing company and private motor carrier and therefore the exemption extended to leasing company). Similarly, in this case, plaintiffs have alleged that Ho is an FLSA "employer" and a control person of HoHoHo who determined the compensation policies of the enterprise. Dkt. 1 at 1–2 ¶ 3. The pleadings and evidence further show that as joint employers, Ho and HoHoHo are both subject to the Secretary of Transportation's jurisdiction as motor carriers. This finding is supported by the congressional purpose to regulate employees of carriers in the interest of safety, and joint employers of a covered motor carrier should thus be subject to the Secretary's power. *Songer*, 618 F.3d at 472–73; *Moore*, 423 F.2d at 99–100; *Tidd v. Adecco USA, Inc.*, No. 07-11214-GAO, 2010 WL 996769, at *2 (D. Mass. Mar. 16, 2010) ("[E]xtending the Motor Carrier Act exemption to joint employers prevents circumvention of the Secretary's regulatory authority.").

Transportation ("DOT") requirements, it is undisputed that the plaintiffs' work directly affected the safe operation of motor vehicles on public highways. *Songer*, 618 F.3d at 473; *Barefoot v. Mid-Am. Dairymen, Inc.*, 826 F. Supp. 1046, 1050 (N.D. Tex. 1993) ("Truck drivers are engaged in activities of a character affecting safety that subject them to the power of the Secretary of Transportation if the drivers are required to . . . complet[e] various DOT forms, and pass[] a DOT physical and drug test."), *aff'd*, 1994 WL 57686 (5th Cir. Feb. 18, 1994) (per curiam); Dkt. 11, Ex. 2 at 1 ¶ 4 ("Truck drivers for HoHoHo Express, Inc. are required to have a Class A commercial driver's license, record their hours of service and/or complete driver vehicle inspection reports, and comply with the Department of Transportation and Federal Motor Carrier Regulation before assuming driving duties.").

The last question is whether the plaintiff-employees themselves engaged in interstate commerce for the Secretary of Transportation to have jurisdiction over them. 29 C.F.R. § 782.2(a). Defendants can demonstrate this element by showing that plaintiffs actually transported goods across state lines or engaged in the intrastate transport of goods in the flow of commerce. *Merchants Fast*, 528 F.2d at 1044; *see also Barefoot*, 1994 WL 57686, at *3. The intrastate flow prong can be met if the "shipments originate out of the state and are part of a continuous movement in interstate commerce." *Shew v. Southland Corp. (Cabell's Dairy Div.)*, 370 F.2d 376, 380 (5th Cir. 1966). Here, the plaintiffs were drivers who picked up items from a Houston warehouse and delivered them to local grocery stores based on the stores' orders from out-of-state vendors. Dkt. 11, Ex. 2 at 1 ¶ 6; Dkt. 11, Ex. 1 (Department of Labor investigative report) at 7. This proof demonstrates the application of the second element of the Motor Carrier Act exemption, namely that the employees

engaged in operational safety activities for motor vehicles transporting items in the flow of interstate commerce. *Songer*, 618 F.3d at 473–75.

The defendants have met their burden under Rule 56 to obtain judgment on an affirmative defense. The burden now shifts to the nonmovants, plaintiffs, who must go beyond the pleadings and "come forward with specific facts indicating a genuine issue for trial." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). Plaintiffs have not responded to the defendants' motion for summary judgment, however, and thus they fail to meet their burden. Summary judgment on plaintiffs' FLSA claims will be granted in defendants' favor.

## II. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (Dkt. 11) is **GRANTED**. The court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on May 12, 2014.

_____
Gray H. Miller
United States District Judge

6